Commonwealth ex rel. Hunter, Appellant, *v.*
Cavell.

Submitted April 10, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Fred Hunter,* appellant, in propria persona.

*Edward C. Boyle,* District Attorney of Allegheny County, with him *William Claney Smith,* Assistant District Attorney, for appellee.

OPINION PER CURIAM, June 11, 1957:

Relator presented to the Court of Common Pleas of Allegheny County a petition for a writ of habeas corpus in which he set forth that he had been charged with armed robbery in four bills of indictment (Nos. 91, 92, 93, 94, January Sessions, 1952, O. & T. Allegheny County), and with aggravated assault and battery in a fifth bill of indictment (No. 261, January Sessions, 1952) ; that with counsel he entered pleas of

not guilty; that no testimony was taken or verdict rendered or disposition made as to bill No. 93, January Sessions, 1952; that on March 27, 1952, verdicts of guilty as charged were rendered on bills Nos. 91, 92, and 94, and a verdict of not guilty was returned on bill No. 261.

On these averments he contends that he is entitled to an immediate discharge from sentences on bills Nos. 91, 92, and 94.

A rule was granted by the Court of Common Pleas of Allegheny County to show cause why a writ of habeas corpus should not issue. After argument the rule was discharged and the writ was refused.

We agree with the court below that "the petition is utterly without merit"; and the order of that court will be affirmed.

The record discloses that relator was not tried on bill No. 93, and that no disposition has been made thereof. Relator is not confined by virtue of that bill of indictment to which he entered a plea of guilty on June 13, 1952, and on the same day was allowed to withdraw it. On June 13, 1952, relator was sentenced to the Western State Penitentiary on bill No. 91 for a term of not less than four and one-half years nor more than nine years to be computed from December 24, 1951; on bill No. 92 he was sentenced for the same term to begin at the expiration of sentence on bill No. 91; on bill No. 94 he was sentenced for a similar term to be served concurrently with sentence on bill No. 91. No appeal was taken from conviction and sentence at Nos. 91, 92, and 94, January Sessions, 1952.

Relator is legally confined. If he has any complaint upon trial of bill No. 93, or subsequently, if convicted, he may present it then in the proper manner.

Order is affirmed.